IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Cody Queen, *individually and on behalf of all other similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>Zefco, Inc., William Zearley, and Lanette Zearley,<br><br>Defendants. | Civil Action No. 8:19-cv-02966-TMC<br><br>**AMENDED COMPLAINT**<br>(Jury Trial Requested) |

Plaintiff Cody Queen ("Plaintiff"), individually and on behalf of all other similarly situated individuals, complaining of the acts of Defendants Zefco, Inc. ("Defendant Zefco"), William Zearley ("Defendant William Zearley"), and Lanette Zealey ("Defendant Lanette Zearley") (collectively, "Defendants"), would allege and show unto this Honorable Court the following:

## NATURE OF THE ACTION

1. Plaintiff brings this action individually and as a class action under the Internal Revenue Code, 26 U.S.C. § 7434 ("IRC"), to recover damages for Defendants' willful filing of fraudulent information returns with respect to his and other similarly situated individuals' wages.

2. The Internal Revenue Service ("IRS") will be notified of this Complaint, and of the IRC violations alleged herein, in accordance with 26 U.S.C. § 7434(d), which provides, "Any person bringing an action under subsection (a) shall provide a copy of the complaint to the Internal Revenue Service upon the filing of such complaint."

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is a citizen and resident of Anderson County, South Carolina, and a former employee of Defendants.

1

4. Defendant Zefco is a corporation organized and existing pursuant to the laws of South Carolina, with its principal place of business in Anderson County, South Carolina.

5. Upon information and belief, Defendant William Zearley is the sole owner and shareholder of Defendant Zefco and a citizen and resident of Anderson County, South Carolina.

6. Upon information and belief, Defendant Lanette Zearley is an officer and agent of Defendant Zefco and a citizen and resident of Anderson County, South Carolina.

7. Plaintiff brings this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals employed by Defendant Zefco for any period ranging from six years preceding the filing of this Complaint to present, on whose behalf Defendants willfully filed a fraudulent return with the IRS.

8. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

  a. The proposed Plaintiff class is so numerous and geographically diverse that joinder of all individual members in this action is impracticable;

  b. There are questions of law and/or fact common to all members of the proposed Plaintiff class;

  c. The claims of Plaintiff, the representative of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

  d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

9. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is based on federal law.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because at least one Defendant is located within this judicial district and division and because the unlawful acts and practices giving rise to Plaintiff's claims occurred here.

### **FACTS**

12. Defendant Zefco is a construction company that specializes in industrial foundations and flooring.

13. Defendant Zefco participates in large-scale and small-scale construction projects throughout South Carolina and across the United States.

14. Defendant William Zearley is the founder, owner, and president of Defendant Zefco.

15. Defendant William Zearley manages the day-to-day operations of Defendant Zefco.

16. Defendant William Zearley established, implemented, and enforced Defendant Zefco's illegal overtime and tax fraud schemes.

17. Defendant Lanette Zearley is a vice president and serves as office manager of Defendant Zefco.

18. Defendant Lanette Zearley supervised Plaintiff and other similarly situated individuals on behalf of Defendant Zefco.

19. Defendant Lanette Zearley enforced and implemented Defendant Zefco's pay policies, including Defendant Zefco's illegal overtime and tax fraud schemes.

20. Defendants employed Plaintiff, a twenty-eight-year-old male, from March 2015 to February 2019 as an account manager, while Plaintiff worked toward an accounting degree at Clemson University.

21. Plaintiff was a non-exempt, hourly employee.

22. Defendants paid Plaintiff $16 to $20 per hour through a weekly paycheck.

23. Plaintiff and similarly situated employees worked in excess of forty hours per workweek.

24. Defendants paid Plaintiff and similarly situated employees "overtime per diem" for hours worked in excess of forty hours within a workweek, meaning Plaintiff and similarly situated employees received an untaxed lump sum payment based on the estimated hours of overtime worked in a week.

25. Defendants paid other similarly situated employees their straight hourly wage for hours worked in excess of forty hours within a workweek. Upon information and belief, Defendants intentionally misclassified such similarly situated employees as independent contractors to avoid paying overtime premiums and providing healthcare insurance, workers' compensation coverage, Family and Medical Leave protection, and other employee rights and benefits.

26. Defendants required Plaintiff and similarly situated employees to complete a "probationary period" upon hire by Defendants.

27. During the probationary period, Defendants willfully and intentionally did not deduct federal income taxes from Plaintiff's and similarly situated employees' pay checks.

28. Defendants willfully and intentionally did not report the income that Plaintiff and similarly situated employees earned during their probationary periods on Plaintiff's and similarly situated employees' W2s.

29. Accordingly, all W2s issued by Defendants to Plaintiff and similarly situated employees during their first year of employment with Defendants were fraudulent in that they did not report the wages Plaintiff and similarly situated employees earned during their probationary period.

30. Upon information and belief, if an employee's probationary period began during one year and ended during the following year, the W2s for both years were fraudulent, as neither reported the wages the employee earned during the probationary period in either year.

31.     Defendants also routinely issued bonus checks without deducting taxes to Plaintiff and other employees of Defendants from 2015 until the IRS audit in 2018.

32.     Defendants failed to report these separate and distinct bonus checks as wages to the IRS on W2s or 1099s for Plaintiff and other similarly situated employees.

33.     Defendants also paid at least one yearly bonus to employees of Defendants without deducting taxes and failed to list the bonus income on W2s or 1099s for Plaintiff and other similarly situated employees.

34.     Defendants paid Plaintiff a "severance" of $3,200 on February 11, 2019, without deducting taxes and failed to list the severance payment on Plaintiff's 2019 W2 or issue a 1099 to Plaintiff.

35.     Upon information and belief, Defendants have failed to deduct taxes from or report to the IRS severance payments made to similarly situated employees.

36.     Defendants, with knowledge, willfully falsified wage records for Plaintiff and all other employees in submission of W2s to the IRS from 2013 to the present and continuing.

37.     Defendants, with knowledge, willfully falsified wage records for the similarly situated employees misclassified as independent contractors by failing to issue W2s for tax purposes from 2013 to the present and continuing.

38.     Defendants failed to issue any tax form for similarly situated employees misclassified as independent contractors in at least 2013 and 2014.

39.     Defendants have failed and refused to deduct any taxes for Plaintiff and other employees hired after 2015 during their probationary period from 2015 through 2018.

40.     Defendants William Zearley and Lanette Zearley concealed the fact that, from 2016 to 2018, invoices and payments sent to Defendant Zefco for services performed routinely were deposited into Defendant William Zearley's personal account and not reported to the IRS.

41.     During an IRS audit of Defendant Zefco in 2018, Defendants William Zearley and Lanette Zearley successfully concealed from the IRS several millions of dollars of invoices and

payments due to Defendant Zefco that routinely were deposited in Defendant William Zearley's personal account from 2016 and 2018.

42. Defendants William Zearley and Lanette Zearley also concealed the following from the IRS during its 2018 audit of Defendant Zefco: that taxes were not withheld from employees' compensation during their initial probationary periods; that taxes were not withheld from employees' overtime compensation; and that taxes were not withheld from employees' bonuses, from at least 2015 through, and including, 2018.

43. During the 2018 audit, Defendants William Zearley and Lanette Zearley ordered Plaintiff to falsify records in furtherance of their scheme to conceal information from the IRS. Plaintiff, therefore, had no alternative but to resign from his position shortly thereafter.

44. After the IRS concluded its audit in 2018, Defendants reclassified as employees certain individuals previously misclassified as independent contractors but continued to pay overtime per diem without deducting taxes.

45. Defendants William Zearley and Lanette Zearley engaged in the unlawful scheme referenced in the preceding paragraphs to personally enrich themselves at the expense of the United States of America.

### **FOR A FIRST CAUSE OF ACTION**
**Against All Defendants**
(Violation of the Internal Revenue Code—Willful Fraudulent Tax Filings)
(Individual and Class Action)

46. The foregoing allegations not inconsistent herewith are incorporated herein as if set forth verbatim.

47. Defendant Zefco is an "employer" within the meaning of the IRC, 26 U.S.C. §§ 3401(d) and 3121(h), because it is a corporation organized under the laws of South Carolina and had control over the payment of Plaintiff's and other similarly situated employees' wages.

48. Defendants William Zearley and Lanette Zearley are "employers" within the meaning of the IRC, 26 U.S.C. §§ 3401(d) and 3121(h), because they had control over Plaintiff's and the members of the Plaintiff class' wages.

49. Defendants had a legal obligation to submit accurate tax statements for each Plaintiff to the IRS.

50. Defendants willfully and knowingly filed false W2 forms that misstated wages earned with one or more of the following inaccuracies:

   a. During their probationary periods, Defendants paid Plaintiff and the members of the Plaintiff class without tax withholdings and did not report this income to the IRS;

   b. Defendants paid Plaintiff and the members of the Plaintiff class overtime for hours worked in excess of forty hours in a workweek and did not report overtime wages to the IRS;

   c. Defendants routinely paid Plaintiff and the members of the Plaintiff class with "bonus checks" without any tax withholdings and did not report these wages to the IRS;

   d. Defendants improperly issued 1099s instead of W2s for similarly situated employees who were intentionally misclassified as independent contractors; and/or,

   e. Defendants paid Plaintiff and members of the Plaintiff class "severance" without tax withholdings and did not report these wages to the IRS.

51. In summary, Defendants knowingly filed false W2s with the IRS concerning Plaintiff's and the members of the Plaintiff class' employment wages and misstated the amount paid in fact, and the amount owed in fact, to the IRS.

52. Defendant William Zearley knowingly caused the filing of false W2s through the creation and/or approval of Defendant Zefco's pay, overtime, and tax policies.

53. Defendant William Zearley knowingly failed to prevent and/or correct false W2s from being filed with the IRS despite his duty to do so as president and owner of Zefco.

54. Defendant Lanette Zearley knowingly caused the filing of false W2s through the creation and/or approval of Defendant Zefco's pay, overtime, and tax policies.

55. Defendant Lanette Zearley knowingly failed to prevent and/or correct false W2s from being filed with the IRS despite her duty to do so as vice president and office manager of Defendant Zefco.

56. Plaintiff and the members of the Plaintiff class sue for redress under 26 U.S.C. § 7434.

57. Plaintiff and the members of the Plaintiff class are entitled to costs attributable to resolving deficiencies, the statutory penalty of $5,000 per violation for each Plaintiff, damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction, and reasonable attorneys' fees and costs incurred in prosecuting this action.

**WHEREFORE**, having fully Complained of Defendants, Plaintiffs demand a jury trial and respectfully request that the Court enter judgment for the following relief:

A. An order authorizing the sending of appropriate notice to current and former employees of Defendants who are potential members of the class action under the Internal Revenue Code;

B. An award against Defendants of the amount of actual damages sustained or $5,000 per violation, whichever is greater, to Plaintiffs and members of the IRC class;

C. Pre-judgment and post-judgment interest;

D. Equitable and injunctive relief;

E. Attorneys' fees and costs; and

  F. Such further relief as the Court deems just and proper.

                Respectfully submitted,

                s/ Grant Burnette LeFever
                M. Malissa Burnette (Fed. ID 1616)
                Grant Burnette LeFever (Fed. ID 12943)
                BURNETTE SHUTT & McDANIEL, PA
                912 Lady Street (29201)
                P.O. Box 1929
                Columbia, South Carolina 29202
                T: 803.904.7911
                F: 803.904.7910
                MBurnette@BurnetteShutt.Law
                GLeFever@BurnetteShutt.Law

                Richard Neuworth (Fed. ID 01052)
                LABAU & NEUWORTH, LLC
                606 Baltimore Avenue – Suite 201
                Baltimore, Maryland 21204
                T: 410.296.3030
                F: 410.296.8660
                RN@joblaws.net

                **ATTORNEYS FOR PLAINTIFF**

Columbia, SC

February 7, 2020